

**NUMBERS**
**13-16-00029-CR**
**13-16-00030-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GERALD WAYNE ROBERTS,**                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

---

**On appeal from the 21st District Court
of Burleson County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Longoria[1]**

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 C.S.).

In May of 2008, appellant Gerald Wayne Roberts was charged in separate indictments with possession of one to four grams of cocaine within a school zone and with fabricating or tampering with physical evidence.[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.134(c) (West, Westlaw through 2015 R.S.); TEX. PENAL CODE ANN. § 37.09 (West, Westlaw through 2015 R.S.).

Appellant pled guilty to both charges pursuant to separate plea agreements. Pursuant to the agreement on the possession charge, the trial court deferred adjudication and placed appellant on community supervision for eight years. The trial court accepted appellant's plea on the tampering charge and imposed a sentence of seven years' imprisonment. Pursuant to the agreement, the trial court suspended the sentence and placed appellant on community supervision for seven years.

In October of 2015, the State filed a motion in each case seeking to revoke appellant's community supervision for violating its terms and conditions. The State's motion in the possession case also sought to adjudicate his guilt. The motions alleged, among other violations, that appellant had been convicted of committing a robbery while on supervision, violated the conditions governing his stay in a SAFPF[3] facility by getting into a fight with another inmate, and failed to pay certain sums of money to the probation department. Appellant pled "true" to the allegations involving the fight and the failure to pay but denied the others. Following a hearing, the trial court found all of the allegations in both motions to be true, revoked appellant's community supervision, adjudicated appellant guilty in the possession case, and imposed consecutive sentences of seven

---

[2] The possession charge was assigned trial court cause no. 13,646 and the tampering charge received trial court cause no. 13,647.

[3] "SAFPF" stands for Substance Abuse Felony Punishment Facility.

years' imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (West, Westlaw through 2015 R.S.) (providing that punishment for an offense enhanced for occurring within a school zone pursuant to this section "may not run concurrently with punishment for a conviction under any other criminal statute"). This appeal followed.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) informed the appellant of his rights to file a pro se response,[4] review the record

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the

preparatory to filing that response, and seek discretionary review if the Court concludes that the appeal is frivolous; and (3) provided the appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and appellant has not filed a pro se motion for access to the appellate record or a motion for extension of time to do so. No pro se response was filed, and the State has also not filed a brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We have found no reversible error in the record.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also*

---

case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

4

*In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[5] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the judgments of the trial court.

NORA L. LONGORIA,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
9th day of June, 2016.

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.3, 68.4.